UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Waldemar Burgos-Chaparro,

    Petitioner,

vs.

United States of America,

    Respondents.

_____/

Civil No. 04-1114 (PG)
[Cr. No. 99-307 (PG)]

## MOTION TO THE DISTRICT JUDGE TO RECONSIDER CERTAIN ISSUES BEFORE RE-SENTENCING PETITIONER

    COMES NOW, Waldermar Burgos-Chaparro, petitioner and pro se respectfully prays this Honorable Court takes into consideration certain aspects of Burgos-Chaparro (hereinafter petitioner) sentence, which are new developments of the law, and were not procedural safeguards available at the time he was sentence by this court.

In support thereof petitioner avers as follows:

    On July 21, 2005, the district judge submitted and 'order' approving and adopting the Magistrate Judge Report & Reccomendation. As such, petitioner's sentence was vacated, and a re-sentencing hearing was scheduled. Before this 'order' came to effect, petitioner submitted a 'motion' to the Magistrate Judge asking this particular request presented herein, a matter addressed after the Report from the Magistrate Judge was issued. (see Petitioner's answer to Magistrate R & R).

Moreover, petitioner being a layman, with no understanding of the law, of the scope of such **'resentencing'**, he under <u>Haines v. Kerner</u>, US (  ), humbly address this important matter concerning his constitutional rights to prevail, if possible in such a proceeding without any legal assistance to resolve this particular issue before Honorable Court. Given this background the petitioner asks as follows:

> **I. Whether petitioner has a constitutuional right to present a <u>Booker</u> claim which knows gives court's discretion to modify any guideline portion of a sentence to produce a reasonable total sentence?**

Courts routinely have held that [a] combined sentence of years of imprisonment plus years of supervised release may exceed the statutory maximum number of years of imprisonment authorized by the substantive statute applicable to the crime of conviction. See, <u>US v. Wirth</u>, 250 F3d 164, 170 n.3(2nd Cir. 2001). In <u>Booker</u> the Supreme Court repaired the constitutional defect mentioned in <u>Blakely</u> by invalidating those provisions of the Sentencing Reform Act that made the federal sentencing guidelines mandatory. Consequently the First Circuit Court of Appeals since held, "...that the error described in <u>Booker</u> 'is that the defendant's Guidelines sentence was imposed under a mandatory system.'" <u>US v. Antonakopoulos</u>, 399 F3d 68, 75 (1st Cir. 2005).

Pristinely clear, the error is not that a judge by a preponderance of the evidence determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guideline system." Id at 75.

Supervise release is a "part of the penalty for the initial offense." Johnson v. US , 529 US 694, 700 (2000). Being so, supervise release is imposed as part of the original sentence, and imposition of such conditions is authorized by the original conviction, and so too are the consequences of the statute which advocates the sentence to be imposed. In light of this court's recent jurisprudence, reliance on (or consideration of) an inapplicable Guidelines range is reversible error even though the District Court in its discretion could have imposed the same sentence and could do so again on remand. See, US v. Savarese, 404 F3d 651 (2nd Cir. 2005).

Today's discretional regime of sentencing could be based of ' an error in determining the applicable Guideline range or the availability of departure authority would be the type of **procedural error** that could render a sentence unreasonable'. And error, such as, the instant case, because the District Court could relied on the inappropriate range in determining petitioner's sentence.

For the foregoing reasons established above, a remand with instructions to vacate and re-sentence, could know envision that before imposing the new sentence, the court must consider the factors ser forth in 18 USC § 3553(a), which includes six(6) vital characteristics, such as: (1) the nature and circumstances to the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed--. Factors that could direct the court, after considering the above circumstances, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing identified

in § 3553(a)(2). See, US v. Galves-Barrios, 355 F.Supp. 2d 958, 960(E.D. Wis. 2005). Today courts are allowed to maintain the, consistency and proportionality, required by the Sentencing Reform Act while permitting it to tailor the sentence in light of other statutory purposes found in § 3553(a).

Petitioner avers that, at the time of the underlying offense, the statute of conviction carried [a], minimum and maximum, term of imprisonment, which confines the sentencing court in a pre-Booker era, exercising a mandatory incarcerative term. Thus, the court arrived at this sentencing range using only (i) facts that were admitted by petitioner in his guilty plea, (ii) the appelant's misrepresented criminal history, and a downward adjustment for acceptance of responsibility. Therefore, petitioner disputes the accuracy of the determined range, and contends that he could have been initially sentence within the discretionary regime which is constitutional today.

WHEREFORE, petitioner respectfully prays this Honorable Court address this important matter described herein before re-sentencing, allowing the parts involved to be properly represented, and conduct an evidentiary hearing to protect petitioner's constitutional rights.

Respectfully submitted,

*Waldemar Burgos Chaparro*

Waldemar Burgos-Chaparro
Petitioner Pro Se
Reg.No. 18345-069
Medium C-4 PO Box 1032
FCC Coleman
Coleman, FL 33521-1032

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, under perjury, that the following "Motion to Re-address" is a true and correct copy, and was mailed first class prepaid, according to the prisoner's mailbox rule. See, <u>Morales Rivera,</u> 184 F3d 109 (1999). A copy was furnished to: Nelson Perez-Sosa, Torre Chardon, Room 1201, 350 Carlos Chardon Avenue San Juan, Puerto Rico 00918. This 17th day of August, 2005.

*Waldemar Burgos Chaparro*
Waldemar Burgos-Chaparro
Petitioner Pro Se
FCC COLEMAN MEDIUM
Reg No. 18345-069
PO BOX 1032
Unit C-4
Coleman, FL 33521-1032